# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON FIERMAN, | : | Civil No. 1:15-CV-1427 |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Carlson) |
| DEPUTY ATTORNEY GENERAL TIMOTHY DOHERTY, et al., | : | |
| Defendants | : | |

## ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This federal civil rights action involves false arrest-malicious prosecution claims leveled by the plaintiff against state investigators and prosecutors. This civil case arises out of a criminal prosecution of the plaintiff, a criminal case which concluded with the acquittal of the plaintiff, a former county correctional officer, on state criminal charges. In the wake of this acquittal, Fierman, the state criminal defendant, has become a federal civil plaintiff, suing those officials who conducted and oversaw this investigation and prosecution and alleging that these officials engaged in a malicious prosecution of the plaintiff without probable cause.

We have been engaged in on-going efforts to assist the parties in addressing discovery issues in this case, discovery issues which entail legal questions regarding the interplay of the Federal Rules of Civil Procedure, which favor transparent

disclosure of relevant information, and state laws governing grand jury secrecy, which cloak matters occurring before the state grand jury in secrecy.

As part of this effort, on March 2, 2017, we entered an order which directed, in part, that on or before March 31, 2017, the Office of Attorney General was to provide all of the items described in its privilege log as to which no grand jury secrecy privilege has been asserted, along with an index identifying these documents in accordance with the privilege log prepared in this case, to the Court for its *in camera* review of these privilege claims. (Doc. 48.)

The defendants have complied with this order and provided us with approximately 484 pages of material to review. We have now conducted this review and found that much of this material, which was contained in a files which related to a series of cases involving parties other than the plaintiff, is both privileged and not relevant to the issues joined by these parties. As for the remaining documents, we conclude that the attorney work-product privilege is properly invoked as to these records with the very minor exceptions, which we discuss below.

One of the principal allegations in this case is that the defendants wrongfully continued to pursue this case after one of the Commonwealth's primary witnesses, James Dormio, recanted his testimony. Since Dormio's recantation was disclosed in the underlying criminal case, we conclude that facts surrounding that recantation are

no longer cloaked in privilege. Adopting this view, we find that the documents identified as In Camera Documents pages 373-375 are relevant to this issue, are no longer privileged and should, therefore, be disclosed. Given the relevance of Dormio's statements to this litigation, the partial waiver which has occurred through the disclosure of some of Dormio's statements, and the questions surrounding whether Dormio was truthful when he recanted his prior statements, we also conclude that the excerpt from In Camera Documents page 377 which refers to Dormio should also be disclosed. In all other respects, the motion to compel production of these documents is DENIED.

So ordered this 18th day of April, 2017.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge